UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JAIRO RAMOS,

    Plaintiff,

vs.

GARCIA'S FAMILY FURNITURES INC., a Florida profit corporation
and YOANI GARCIA, individually, and
RAFAEL GARCIA, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JAIRO RAMOS, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants, GARCIA'S FAMILY FURNITURES INC., a Florida profit corporation (hereinafter, "Corporate Defendant"), YOANI GARCIA, individually, and RAFAEL GARCIA, individually, (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages and unlawful termination committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, and therefore the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal

1

jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a laborer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. GARCIA'S FAMILY FURNITURES INC., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant GARCIA'S FAMILY FURNITURES INC., had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. GARCIA'S FAMILY FURNITURES INC is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant GARCIA'S FAMILY FURNITURES INC is a furniture store located at 1029 E. 32nd Street Hialeah, Florida 33013 that sells furniture transported across interstate lines.

10. At all times material to this Complaint, GARCIA'S, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been

moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. GARCIA'S FAMILY FURNITURES INC., upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant YOANI GARCIA is the president and/or owner, and exercised operational control over the activities of, GARCIA'S FAMILY FURNITURES INC.

13. Defendant RAFAEL GARCIA is the vice-president and/or owner, and exercised operational control over the activities of, GARCIA'S FAMILY FURNITURES INC.

14. YOANI GARCIA and RAFAEL GARCIA acted directly in the interest of their company, GARCIA'S FAMILY FURNITURES INC. They controlled the manner in which Plaintiff performed his work and the pay he was to receive.

15. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Specifically, Plaintiff performed work for Defendants as a non-exempt laborer from on or about November 2019 until on or about December 8, 2021.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. Based on the information currently available to Plaintiff, Plaintiff was paid at a rate of $10.00 per hour from November 2019-November 2021 and $12.00/hour from November 2021 through the end of his employment.

21. Plaintiff regularly worked at least 10 hours a day, six days a week.

22. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants.

23. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that throughout his employment Plaintiff was compensated for all hours worked at his regular rate.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

27. On or about December 3, 2021, Plaintiff complained to YOANI GARCIA about not being compensated at time and half for the overtime hours worked. YOANI GARCIA told Plaintiff that if he did not like his pay, he could leave.

28. On or around December 8, 2021, shortly after Plaintiff's complaint, Plaintiff was terminated by RAFAEL GARCIA.

29. Plaintiff suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to payment of overtime wages.

30. The temporal proximity of Plaintiff's complaints regarding the improper pay and the adverse employment actions taken against him including but not limited to his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

31. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

32. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

<u>**COUNT I**</u>
**VIOLATION OF FLSA/OVERTIME**
**against** GARCIA'S FAMILY FURNITURES INC.

34. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

35. This action is brought by Plaintiff to recover from Defendant GARCIA'S unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Since the commencement of Plaintiff's employment GARCIA'S has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours

worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

37. Specifically, throughout his employment Plaintiff regularly worked between 45-55 hours during each workweek in which he was employed but he was only paid straight time for his overtime hours.

38. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. GARCIA'S FAMILY FURNITURES INC., is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). GARCIA'S FAMILY FURNITURES INC's business activities involve those to which the Fair Labor Standards Act applies.

40. The Plaintiff was a manual laborer and was at all relevant times, covered by the FLSA.

41. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

42. GARCIA'S FAMILY FURNITURES INC's has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

43. By reason of the said intentional, willful and unlawful acts of GARCIA'S FAMILY FURNITURES INC's, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

44. GARCIA'S FAMILY FURNITURES INC., never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

45. As a result of GARCIA'S FAMILY FURNITURES INC.'s willful violations of the Act, Plaintiff is entitled to liquidated damages.

46. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from GARCIA'S FAMILY FURNITURES INC.,

**WHEREFORE**, Plaintiff respectfully prays for the following relief against GARCIA'S FAMILY FURNITURES INC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against YOANI GARCIA

47. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

48. At the times mentioned, Defendant YOANI GARCIA was, and is now, a corporate officer of corporate Defendant, GARCIA'S FAMILY FURNITURES INC.

49. YOANI GARCIA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that YOANI GARCIA acted directly in the interests of Defendant GARCIA'S FAMILY FURNITURES INC in relation to its employees including Plaintiff.

50. Specifically, YOANI GARCIA supervised Plaintiff, determined his day-to-day schedule, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

51. YOANI GARCIA had operational control of the business and is thus jointly liable for Plaintiff's damages.

52. Defendant YOANI GARCIA willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant YOANI GARCIA:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF FLSA/OVERTIME**
**against RAFAEL GARCIA**

53. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

54. At the times mentioned, Defendant RAFAEL GARCIA was, and is now, a corporate officer of corporate Defendant, GARCIA'S FAMILY FURNITURES INC.

55. RAFAEL GARCIA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that RAFAEL GARCIA acted directly in the interests of Defendant GARCIA'S FAMILY FURNITURES INC in relation to its employees including Plaintiff.

56. Specifically, RAFAEL GARCIA supervised Plaintiff, determined his day-to-day schedule, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

57. RAFAEL GARCIA had operational control of the business and is thus jointly liable for Plaintiff's damages.

58. Defendant RAFAEL GARCIA willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant RAFAEL GARCIA:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## FLSA RETALIATION against GARCIA'S FAMILY FURNITURES INC

59. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

60. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

61. On or about December 8, 2021, as a direct result of Plaintiff's complaints for improper pay practices Plaintiff was terminated by RAFAEL GARCIA.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63. GARCIA'S FAMILY FURNITURES INC's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

64. GARCIA'S FAMILY FURNITURES INC's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

65. At all relevant times, RAFAEL GARCIA, acted on behalf of GARCIA'S FAMILY FURNITURES INC, and acted within the scope of his duties.

66. As a result, GARCIA'S FAMILY FURNITURES INC, acted with intentional disregard for Plaintiff's rights under the FLSA.

67. GARCIA'S FAMILY FURNITURES INC'S justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful retaliation.

68. If, however, the reason(s) proffered by GARCIA'S FAMILY FURNITURES INC are found to be with merit, Plaintiff's complaints of improper pay, were a motivating factor in the decision for the adverse employment action(s).

69. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

70. GARCIA'S FAMILY FURNITURES INC's conduct through its representative was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant GARCIA'S FAMILY FURNITURES INC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JAIRO RAMOS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 3, 2022                     **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com